IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

BETTY JO GOODMAN )
)
v. ) NO. 1:19-0049
)
MR. COOPER )

**TO: Honorable William J. Campbell, Jr., District Judge**

### R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered June 13, 2019 (Docket Entry No. 6), the Court referred this *pro se* and *in forma pauperis* action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Pending before the Court is the motion to dismiss (Docket Entry No. 9) filed by Defendant Mr. Cooper, to which Plaintiff has filed a response in opposition. *See* Docket Entry Nos. 11-12. Also pending is Plaintiff's motion for summary judgment (Docket Entry No. 14), to which Defendant has filed a response in opposition. *See* Docket Entry No. 15. For the reasons set out below, the undersigned respectfully recommends that both motions be denied.

### I. BACKGROUND

Betty Jo Goodman ("Plaintiff") is a resident of Columbia, Tennessee. On June 11, 2019, she filed this lawsuit *pro se* and *in forma pauperis* against Mr. Cooper ("Defendant), which is alleged

to be a Texas company formerly known as Nationstar Mortgage, LLC ("Nationstar"). In her lawsuit, Plaintiff seeks $6,200.00 in damages under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*., based on alleged violations of that Act by Defendant.

Specifically, Plaintiff alleges that Defendant sent her a "dunning letter in an attempt to collect an alleged debt" on October 12, 2018. *See* Complaint (Docket Entry No. 1) at 4. Plaintiff did not attach the letter to the complaint and does not explain the contents of that letter other than to state that Defendant asserted in the letter that Plaintiff owes a debt. *Id*. Plaintiff alleges that she is without knowledge of the debt. *Id*. She also alleges that she does not know who Defendant is and that Defendant did not provide "proper identification" in the letter. *Id*. Plaintiff does, however, attach to the complaint a copy of a mailing envelope from Defendant, which states "Nationstar is now Mr. Cooper," *see* Exhibit A (Docket Entry No. 1-1), and she asserts that she "has a permanent injunction against Nationstar." *See* Complaint at 4, ¶ 16.

In response to the letter, Plaintiff alleges that she mailed to Defendant a series of communications and documents. On November 14, 2018, she mailed an Affidavit of Truth and a Notice to Cease and Desist, requesting that Defendant validate the alleged debt within ten days and complete a "Creditor Disclosure Statement."[1] Plaintiff alleges that Defendant did not respond to the initial communication so she mailed to Defendant a Notice of Fault and Opportunity to Cure on November 30, 2018, and a Notice of Non-Response and Opportunity to Cure on December 31, 2019, both of which again gave Defendant ten day deadlines to complete the "Creditor Disclosure Statement" and validate the alleged debt.[2] Plaintiff alleges that Defendant again did not respond to

---

[1] *See* Exhibit B (Docket Entry No. 1-2).

[2] *See* Exhibits C (Docket Entry No. 1-3) and D (Docket Entry No. 1-4).

her communications so she mailed to Defendant a Notice of Default on January 16, 2019, in which she informed Defendant that, by virtue of its failure to respond to her mailings, she presumed that (1) Defendant agreed it is a debt collector, (2) Defendant agreed that it is estopped from "speaking in this matter," and (3) Defendant agreed to compensate Plaintiff in the sum of $6,200.00.[3] Finally, on May 11, 2019, Plaintiff sent to Defendant a Notice of Intent to Sue.[4] Although each of the notices and affidavits sent to Defendant bore Plaintiff's signature, they were sent to Defendant on her behalf by Edward Faria, a notary public, and all return responses and correspondence were requested to be mailed to Plaintiff in the care of Edward Faria.

Plaintiff contends that Defendant's original dunning letter violated 15 U.S.C. §§ 1692e(2)(A) and 1692f(1) of the FDCPA. *See* Complaint at 4, ¶ 12. Although Plaintiff does not set out specific causes of action, she also contends that Defendant's actions violated 15 U.S.C. §§ 1692e, 1692(e)(11), 692f(6)(A), and 1692(g). *Id*. at 3.

Upon initial review of the complaint under 28 U.S.C. § 1915(e)(2), the Court found that Plaintiff, despite the somewhat minimal factual allegations set out in her complaint, alleged colorable claims under the FDCPA and directed that process issue to Defendant. *See* Docket Entry No. 6 at 4-5. In lieu of filing an answer, Defendant has filed the pending motion to dismiss.

## II. MOTION TO DISMISS AND RESPONSE

Defendant seeks dismissal of the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant first asserts that what is "at issue" in this case is a mortgage loan executed by

---

[3] *See* Exhibit E (Docket Entry No. 1-5).

[4] *See* Exhibit F (Docket Entry No. 1-6); Complaint at 5-6, ¶ 28.

Plaintiff in December 2007, including a Note and Deed of Trust for a piece of real property located in Columbia Tennessee ("the Property") and several attempted, but not completed, foreclosure sales of the Property. After contending that Plaintiff has a lengthy history of litigation in both the state and federal courts concerning the mortgage loan and the attempted foreclosures, Defendant argues:

> Plaintiff's attempt to deny knowledge of the Loan is duplicitous and wholly without merit given the protracted litigation in which she has involved herself throughout the last few years. This case is simply a continued ploy to avoid foreclosure of the Property, and the Court should disregard it as such. Plaintiff's obligations under — and default on — the Loan have been litigated and conclusively decided; the Chancery Court's entry of the Order dissolving Plaintiff's Injunction and authorizing Nationstar to proceed with foreclosure of Plaintiff's Property firmly established Nationstar's ability to enforce Plaintiff's obligations under the Loan. Accordingly, Nationstar's attempt to collect the debt in this case was proper, and Plaintiff's claims are entirely without merit.

See Memorandum in Support (Docket Entry No. 9-1) at 6. Defendant attaches to its motion a copy of a Promissory Note, as well as several filings made in the referenced state and federal cases in which Plaintiff was a party. *See* Docket Entry Nos. 9-2 to 9-10.

Plaintiff's response to the motion to dismiss essentially consists of: (1) an assertion that she objects to the motion to dismiss in its entirety and that Defendant is "attempting to bring subject matter into a matter that was already settled prior to her case being filed;" (2) an assertion that her son has a power of attorney over her affairs; and, (3) a re-assertion of the allegations of her complaint. *See* Response (Docket Entry No. 11). Plaintiff attaches to her response a power of attorney form, signed by herself and Eric Goodman on May 5, 2016, *see* Docket Entry No. 11-1, and an Affidavit of Truth, executed by Edward Faria. *See* Docket Entry No. 13.

### III.  MOTION FOR SUMMARY JUDGMENT AND RESPONSE

In addition to her response to the motion to dismiss, Plaintiff filed a "Notice for Summary Judgment," seeking summary judgment under Rule 56 of the Federal Rules of Civil Procedure because of Defendant's "refusal to acknowledge and address the facts in this case dealing with the Fair Debt Collection Practices Act violations against [Plaintiff]. *See* Docket Entry No. 14 at 1. Plaintiff's entire argument for summary judgment is that Defendant has somehow abandoned its defense to the lawsuit because it did not file a reply to Plaintiff's response to the motion to dismiss. *Id*. at 2.

Defendant responds to the motion filed by Plaintiff, arguing that Plaintiff fails to set forth any basis that supports an decision granting summary judgment in her favor. *See* Response (Docket Entry No. 15).

### IV.  ANALYSIS

A. Standards of Review

In its review of a Rule 12(b)(6) motion, the Court must accept as true all of the well-pleaded allegations contained in the complaint, resolve all doubts in a plaintiff's favor, and construe the complaint liberally in favor of a *pro se* plaintiff.  *See  Kottmyer v. Maas*, 436 F.3d 684 (6th Cir. 2006); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999).  However, although the complaint need not contain detailed factual allegations, Plaintiff must provide the grounds for the entitlement to relief sought.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  The factual allegations supplied must be enough to show a plausible right to relief.  *Twombly*, 550 U.S. at 555-61.  More than bare assertions of legal conclusions are required

to withstand a motion to dismiss and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under a viable legal theory. *Id*.; *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-37 (6th Cir. 1988).

Summary judgment under Rule 56 of the Federal Rules of Civil Procedure is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a). *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).

B. Motion to Dismiss

As the Sixth Circuit Court of Appeals explained in *Federal Home Loan Mortg. Corp. v. Lamar*, 503 F.3d 504, 508 (6th Cir. 2007):

> Congress enacted the [Fair Debt Collection Practices Act] in order "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). "Congress designed the [FDCPA] to 'eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid.'" Swanson v. S. Or. Credit Serv., Inc., 869 F.2d 1222, 1225 (9th Cir.1988) (quoting S.Rep. No. 95-382, at 4 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1699).

503 F.3d at 508.

Based upon her allegation that she received a "dunning letter" from Defendant containing incorrect or false information and that Defendant failed to respond to her request for debt validation, Plaintiff contends that Defendant violated several provisions of the FDCPA: 15 U.S.C. §§ 1692e,

6

1692e(2)(A), 1692e(11), 1692f(1), 1692f(6)(A), and 1692g. *See* Complaint at 3. The first five of these provisions deal either with the prohibition against a debt collector using false, deceptive, or misleading representations or means in connection with the collection of a debt and with the prohibition against a debt collector using unfair or unconscionable means to collect or attempt to collect a debt. The last provision addresses the requirements for validation of a debt.

In the instant case, Plaintiff's complaint contains largely vague and general allegations regarding the "dunning letter" and no real explanation of how the six noted provisions of the FDCPA were violated by Defendant. Indeed, the bulk of the complaint is directed at an explanation of the several communications sent to Defendant by Plaintiff and what Plaintiff believes to be the legal significance of Defendant's alleged failure to respond to the communications. *See* Complaint at 5-6.

Nonetheless, the paucity of factual allegations in the complaint are met by a paucity of legal arguments for dismissal in the motion to dismiss. While the instant lawsuit may reasonably be viewed by Defendant as "nothing more than a legally and factually meritless attempt by Plaintiff to delay the foreclosure on a mortgage loan that has been in default since 2010," *see* Memorandum in Support at 4, Plaintiff's lawsuit raises only narrow claims under the FDCPA based upon events occurring in October 2018. Nowhere in the complaint does Plaintiff seek to prevent a foreclosure proceeding, and the only relief requested by Plaintiff is $6,200.00 in damages for the claimed FDCPA violations.

While there may be sound legal arguments for why Plaintiff fails to state a claim for relief under the FDCPA provisions set out in her complaint, these arguments simply have not been presented to the Court in the motion to dismiss. Indeed, other than briefly referring to the fact that Plaintiff alleges violations of 15 U.S.C. §§ 1692e and 1692f, Defendant's Memorandum fails to refer

to any case law regarding the FDCPA or make any actual legal arguments as to why Plaintiff fails to state a claim for relief under the FDCPA.

C. Motion for Summary Judgment

Plaintiff's motion for summary judgment is without legal and factual merit and should be denied. Plaintiff has clearly not shown the absence of genuine issues of material fact and has also not presented any substantive arguments showing that she is entitled to summary judgment in her favor under the FDCPA. Indeed, the only apparent argument raised by Plaintiff is that she is entitled to summary judgment because of Defendant's failure to file a reply to her response to the motion to dismiss. This argument is nonsense and fails to support a decision granting summary judgment to Plaintiff on her claims.

**R E C O M M E N D A T I O N**

For the reasons set out above, the Court respectfully RECOMMENDS that:

(1) Defendant's motion to dismiss (Docket Entry No. 9) be DENIED; and

(2) Plaintiff's motion for summary judgment (Docket Entry No. 14) be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v.*

*Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

        Respectfully submitted,

        BARBARA D. HOLMES
        United States Magistrate Judge