IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

BETTY JO GOODMAN          )
                          )
        v.                )          NO. 1:19-00049
                          )
MR. COOPER                )

**TO:  Honorable William J. Campbell, Jr.,  District Judge**


### R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered June 13, 2019 (Docket Entry No. 6), the Court referred this *pro se* and *in forma pauperis* action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Pending before the Court is the motion for summary judgment filed by Defendant Nationstar Mortgage LLC d/b/a/ Mr. Cooper.  (Docket Entry No. 24.)  Plaintiff has not filed a response to the motion.   For the reasons set out below, the undersigned respectfully recommends that the motion be granted and this action be dismissed.


### I.  BACKGROUND

Betty Jo Goodman ("Plaintiff") is a resident of Columbia, Tennessee.  On June 11, 2019, she filed this lawsuit against Mr. Cooper, which she asserts is a Texas company formerly known as Nationstar Mortgage, LLC ("Nationstar" or "Defendant").  Plaintiff seeks $6,200.00 in damages for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*.

Specifically, Plaintiff alleges that Mr. Cooper sent her a "dunning letter in an attempt to collect an alleged debt" on October 12, 2018. *See* Complaint (Docket Entry No. 1) at 4. Plaintiff alleges that she thereafter mailed to Mr. Cooper a series of communications and documents[1] in response to the letter but that her communications were ignored by Mr. Cooper. Plaintiff asserts that she is without knowledge of either the debt referred to in the letter or the identity of Mr. Cooper and that Mr. Cooper did not provide "proper identification" in the letter. *Id*. Plaintiff does, however, assert that she "has a permanent injunction against Nationstar." *Id*. at 4, ¶ 16. Plaintiff contends that the October 12, 2018, letter and Mr. Cooper's failure to respond to her communications violated various provisions of the FDCPA, including 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(11), 1692(f)(1), 1692(f)(6)(A), and 1692(g). *Id*. at 3.

Upon initial review of the complaint under 28 U.S.C. § 1915(e)(2), the Court found that Plaintiff, despite the somewhat minimal factual allegations set out in her complaint, alleged colorable claims under the FDCPA and directed that process issue to Defendant. (Docket Entry No. 6 at 4-5.) Defendant initially responded to the complaint with a motion to dismiss, and Plaintiff filed an early motion for summary judgment. (Docket Entry Nos. 9 and 14.) The Court denied both motions. *See* Order entered December 18, 2019 (Docket Entry No. 19). Defendant subsequently filed an answer, and the Court entered a scheduling order setting out a period for pretrial activity in the case. (Docket Entry Nos. 21 and 22.)[2]

---

[1] *See* Exhibits B though E to Complaint (Docket Entry Nos. 1-2 through 1-6).

[2] Prior to filing its motion for summary judgment, Defendant filed, on May 8, 2020, a motion to compel discovery from Plaintiff, asserting that Plaintiff had not responded to discovery requests. (Docket Entry No. 23.) Plaintiff has not responded to the motion to compel, which is likewise pending before the Court.

2

## II. MOTION FOR SUMMARY JUDGMENT

Defendant asserts that the instant lawsuit is just the latest in a string of seven years of state and federal lawsuits brought by Plaintiff in the aftermath of her default on a mortgage loan ("the Loan') for residential property located in Columbia, Tennessee ("the Property") and in response to Defendant's attempted foreclosure on the Property. *See* Memorandum in Support (Docket Entry No.. 24-3) at 4-6. Defendant contends that Plaintiff's obligation under the Loan, her default on the Loan, and Defendant's standing to foreclose on the Property have already been fully litigated and conclusively decided by other courts, and that Plaintiff's assertions that she lacks knowledge of the debt at issue and has a "permanent injunction" against Nationstar are disingenuous at best.[3]

With respect to Plaintiff's statutory claims under the FDCPA, Defendant argues that the undisputed facts belie Plaintiff's contention that she was unaware of either the debt at issue or the identity of Mr. Goodman. Defendant contends that Plaintiff's complaint essentially references statutory provisions of the FDCPA but offers no actual facts supporting a claim that Defendant engaged in conduct that violates any provision of the FDCPA, let alone shows that Defendant used a false, deceptive, or misleading representation in its attempt to act upon the defaulted debt at issue. *Id*. at 7-10. Defendant further argues that the validation provisions of the FDCPA referred to by Plaintiff were not violated because the asserted "dunning letter," which Plaintiff failed to attach to her complaint, was not the initial communication regarding the defaulted Loan and, thus, did not trigger any duties on the part of Defendant to validate the debt. *Id*. at 10-12.

---

[3] As set out in its supporting memorandum, Defendant asserts that, although Plaintiff obtained a temporary restraining order from the state court that prohibited a foreclosure on the Property during the pendency of Plaintiff's litigation about the foreclosure, this injunctive order was subsequently dissolved prior to the instant lawsuit being filed.

By Order entered May 26, 2020 (Docket Entry No. 25), Plaintiff was notified of the need to respond to the motion and given a deadline of June 19, 2020, to file a response.[4] To-date, Plaintiff has not responded to the motion or made any other filing with the Court.

### III. STANDARD OF REVIEW

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." *Sowards v. Loudon Cnty.*, 203 F.3d 426, 431 (6th Cir. 2000). The Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587 (1986); *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir. 2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson*, at 249-50. "Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant

---

[4] Although Local Rule 56.01 provides that a response is due 21 days after the filing of a motion for summary judgment, Plaintiff was provided with additional time to file a response.

probative evidence must be presented to support the complaint." *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position. *Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 252).

## IV. ANALYSIS

A. FDCPA

As the Sixth Circuit Court of Appeals explained in *Federal Home Loan Mortg. Corp. v. Lamar*, 503 F.3d 504, 508 (6th Cir. 2007):

> Congress enacted the [Fair Debt Collection Practices Act] in order "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). "Congress designed the [FDCPA] to 'eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid.'" Swanson v. S. Or. Credit Serv., Inc., 869 F.2d 1222, 1225 (9th Cir.1988) (quoting S.Rep. No. 95-382, at 4 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1699).

503 F.3d at 508. To achieve these goals, the FDCPA prohibits a debt collector from using false, deceptive, or misleading representations or means in connection with the collection of a debt and from engaging in unfair or unconscionable means to collect or attempt to collect a debt. *See* 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(11), 1692f(1), and 1692f(6)(A). Additionally, the FDCPA imposes upon a debt collector duties related to validating a debt in certain circumstances upon a request from a consumer for such validation. *See* 15 U.S.C. § 1692g.

5

B. Summary Judgment on Plaintiff's Claims

Although Plaintiff's allegations were sufficient to permit her claims to survive initial review, she has not responded to Defendant's motion for summary judgment and has not provided the Court with evidence that supports her claims and rebuts the motion. After review of the record before the Court, the Court finds that summary judgment should be granted to Defendant.

When a motion for summary judgment is properly supported under Rule 56, such as Defendant's motion, the non-moving party may not merely rest on the allegations contained in the complaint, but must respond with affirmative evidence supporting the claims at issue and establishing the existence of a genuine issue of material fact that requires that the action proceed to trial. *See Celotex Corp.*, 477 U.S. at 323-24; *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003); *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002); *Cloverdale Equip. Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989). As the Sixth Circuit has noted, when a defendant files a motion for summary judgment, the plaintiff is challenged to "put up or shut up" on critical issues. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989). Plaintiff's *pro se* status does not relieve her of this obligation, which is a threshold requirement for all non-moving parties when summary judgment is sought by an opposing party. *Sixty Ivy St. Corp. v. Alexander,* 822 F.2d 1432, 1435 (6th Cir. 1987).

Plaintiff has not satisfied this threshold obligation. She has not responded to the motion for summary judgment, has not rebutted Defendant's evidence or arguments, and has not supported her claims with any affirmative evidence. This is so despite the Court having specifically advised Plaintiff of the need to respond to the motion and gave her an extended response deadline. Additionally, Plaintiff has not specifically responded to Defendant's Statement of Undisputed Facts

6

(Docket Entry No. 24-4), as required by Rule 56.01(c) of the Local Rules of Court. Her failure to respond "shall indicate that the asserted facts are not disputed for purposes of summary judgment." Local Rule 56.01(g). Accordingly, the Court is permitted to rely upon the facts set forth by Defendant as the undisputed facts.

The undisputed evidence before the Court fails to support any conclusions that Defendant engaged in any conduct prohibited by the FDCPA or that it shirked its duties under the Act. There is no evidence that Defendant engaged in false, deceptive, or misleading representation or means in connection with its attempt to collect on the defaulted Loan or undertook unfair or unconscionable means in its attempt to collect on the defaulted Loan in violation of any of the provisions set out in 15 U.S.C. §§ 1692e or 1692(f). To the contrary, the overwhelming evidence is that Plaintiff has known of her obligation on the defaulted Loan for several years, knows of Mr. Cooper's identity as the company under which Nationstar does business, and knows of Defendant's standing and legal right to collect upon the defaulted Loan. There is further no evidence supporting Plaintiff's assertion that Defendant violated any of the validation provisions set out in 15 U.S.C. § 1692(g). Given the undisputed facts that are before the Court and the lack of any actual evidence supporting Plaintiff's claims, no reasonable jury could find that Defendant violated any provision of the FDCPA. Accordingly, Defendant is entitled to summary judgment in its favor.

## R E C O M M E N D A T I O N

For the reasons set out above, it is respectfully RECOMMENDED that Defendant's motion for summary judgment (Docket Entry No. 24) be GRANTED and this action be DISMISSED WITH PREJUDICE.

7

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge

8